IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                    No. CIV S-07-0492 MCE GGH P

    vs.

TRAVIS EDWARD ROUSE,

    Movant.                                          <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence, which the court construes to have been brought pursuant to 28 U.S.C. § 2255. Although movant purports to have brought his motion pursuant to 28 U.S.C. § 2241, he expressly states that he has brought the motion "to vacate, set aside or correct an illegal sentence," concedes that he has not filed any prior motion attacking his sentence, and alleges that his sentence violates the double jeopardy clause. Motion, pp. 6-29. He attempts to proceed under § 2241, largely on the ground that he believes a § 2255 motion would be untimely. Motion, p. 4.

        Although movant is presently incarcerated in this district, movant was sentenced in the United States District Court, Northern District of Iowa. A motion pursuant to § 2255 is generally properly brought in the sentencing court. <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th

1

1  Cir. 2006)("[t]he general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by
2  which a federal prisoner may test the legality of his detention, see Ivy v. Pontesso, 328 F.3d
3  1057, 1059 (9th Cir.2003) (as amended), and that restrictions on the availability of a § 2255
4  motion cannot be avoided through a petition under 28 U.S.C. § 2241"); Porter v. Adams, 244
5  F.3d 1006 (9th Cir. 2001)("[a] section 2255 motion to the sentencing court is generally the
6  proper vehicle for challenging a conviction"), citing § 28 U.S .C. § 2255 and Tripati v. Henman,
7  843 F.2d 1160, 1162 (9th Cir. 1988).
8        This court finds that the Northern District of Iowa has jurisdiction over this
9  matter. Therefore, in the interest of justice, this action will be transferred, under 28 U.S.C. §
10 1631, to the proper district, the United States District Court, Northern District of Iowa.
11       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
12 United States District Court for the Northern District of Iowa.
13 DATED: 4/11/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

16 GGH:009
   rous0492.trs